IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| MICHAEL BISHOP | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| COBB COUNTY, et al. | : | NO. 15-3065 |

FILED
JUN 10 2015
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## MEMORANDUM

O'NEILL, J.                    JUNE 10, 2015

Plaintiff Michael Bishop, a prisoner incarcerated at the Cobb County Adult Detention Center, brings this action pursuant to 42 U.S.C. § 1983, based on his arrest, conviction, and incarceration in Cobb County Georgia. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

### I. FACTS[1]

Plaintiff brought this case against Cobb County Georgia, Sgt. J.M. Byrum (a police officer in Cobb County), and other John and Jane Doe defendants. Although those are the only defendants named in the caption in accordance with Federal Rule of Civil Procedure 10, the third page of the complaint suggests that plaintiff also intended to assert claims against Lt. Vanness, Nadine Bellinger (plaintiff's ex-wife), Sam Olens (the Attorney General of Georgia), and Nathan Deal (the Governor of Georgia). Plaintiff's claims are based on events that led to his arrest, conviction on criminal charges, and incarceration in Cobb County Georgia.

The complaint is predicated on a narrative that is somewhat unclear. Specifically, the complaint asserts the following factual basis for plaintiff's claims:

---

[1] The following facts are taken from the complaint, documents attached to the complaint, and publicly available court dockets.

1

> By Attempted Murder, Child-Abduction and Perjury on Illegal TPO, issued in Cobb County, from Incident in Home State of Penna. with Jurisdiction, Ms Bellinger, Sgt Byrum Lt. VanNess in Individual & official capacities has maliciously & purposely caused irreparable harms and violation to my civil rights by way of false imprisonment, from illegal charge, warrant and TPO created to cover-up blundered abduction investigation by Byrum and cover co-conspiracy actions to assist Bellinger's escaping of arrest warrants from Penna. Sgt Byrum, with knowledge to these actions Lt. Vanness, informed Ms Bellinger to warrants, and refused to perform any of there [sic] sworn duties as peace officer's [sic] of law. Byrum interfered with Penna. Court orders/case by (1) ignoring warrant, (2) committing perjury in GA Court, (3) creating falsified aliby [sic] covering Bellinger & Byrums conspiracy of crimes, (4) submitted false evidence along with contacting Phila. Penna DA office, causing willful harm to investigation where they relied on testimony of this officer, not realizing officer's credibility was/is tainted. Byrum never furnished Bellinger's 380 handgun to Phila. Penna. in order to confirm by Ballistics test if weapon is one used when Bellinger attempted for a second time to murder me. (Byrum caused me not to be able to provide proof to crime by initiating with former Judge F. Cox a $300,000.00 bond steming [sic] from Bellingers/Byrum's illegal TPO, warrant and arrest, when no crimes has been commited [sic] in State of Georgia by me. By double jeopardy, Byrum & Bellinger walks from shooting attempt, but luckily neither was able to corrupt stabbing attmpeted murder by Bellinger and younger sister . . . . Byrum testified that Bellinger's paramour of this year (Aaron Thomas) was a figmantation [sic] of my immagination [sic] to cover fact, this is how Bellinger and Thomas as a baggage handler to Delta Air smuggled Bellinger hand gun to/from Phila. Penna. Also using employee jump is how Bellinger traveled herself to/from Phila in less than (3) hours. Byrum and other 4th precient [sic] officers has been legally recorded while performing welfare checks at Bellinger's residence, on my abducted chidren's stating her roommate M. Thomas says children are fine. Also Byrum knowing police in Phila had allias [sic] to Thomas (Asar Thompson) again with derlection [sic] to duty and with full awareness by superiors continued harms and violations are done. All are charged parties to crimes, violation to due (access to courts) conspiracy and kidnapping.

(Compl. ¶ IV.) Among other things, plaintiff seeks release from imprisonment and damages.

Approximately four and a half months prior to filing this lawsuit, plaintiff filed a series of complaints in the Northern District of Georgia against several of the same defendants named in this lawsuit and others. Those lawsuits were consolidated into one action, *Bishop v. Cobb County*, Civ. A. No. 15-220 (N.D. Ga.). On May 18, 2015, the Magistrate Judge assigned to the case issued a Report and Recommendation (R&R) explaining plaintiff's dispute with Bellinger, providing insight into his underlying criminal case in Georgia, describing plaintiff's issues

2

regarding how law enforcement (in particular Officer Byrum) responded to his dispute with Bellinger, and recommending dismissal of the action pursuant to 28 U.S.C. § 1915A for failure to state a claim. Two weeks later, plaintiff initiated the instant action in this district. Although the federal court in Georgia allowed plaintiff to withdraw certain of his claims, a review of the R&R reflects that plaintiff's complaint in this action is based on many of the same claims raised in the action he previously filed in Georgia and addressed by the R&R.

## II. STANDARD OF REVIEW

The Court grants plaintiff leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) apply, which require the Court to dismiss the complaint if it is frivolous, malicious, or fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* The Court may also consider exhibits attached to the complaint and matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). Additionally, the Court may dismiss a case that is duplicative of a previously filed suit. *See Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (en banc); *see also Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). As plaintiff is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Most of the claims raised in the instant action—including the majority if not all of those against Officer Byrum and Bellinger—are duplicative of the claims raised in the operative complaint in plaintiff's previously-filed case in the Northern District of Georgia and addressed by the R&R in that case. Accordingly, the Court will dismiss any claims that are duplicative. *See Gause v. Ct. of Common Pleas*, 571 F. App'x 144, 145 (3d Cir. 2014) (per curiam). To the extent plaintiff raises claims that do not duplicate those raised in the Georgia case, he has not stated a basis for a claim.

As explained in the R&R in the Georgia action, plaintiff's claims against Cobb County fail because he does not allege that any policy or custom of Cobb County lead to the violation of his rights. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). His claims against Bellinger fail because she is not a state actor for purposes of § 1983, and plaintiff's bald allegations of conspiracy are insufficient to plausibly suggest otherwise. *See West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."); *Kitko v. Young*, 575 F. App'x 21, 26 (3d Cir. 2014) (Although "[a] private party 'who corruptly conspire[s]' with a state official will be considered a state actor under § 1983," a plaintiff "'must assert facts from which a conspiratorial agreement can be inferred'" in order to state a claim (quoting *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175-76 & 178 (3d Cir. 2010))). Additionally, any claims seeking release from imprisonment or damages based on alleged constitutional defects in proceedings leading to plaintiff's conviction are not cognizable in a civil rights action. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) ("[T]o recover damages for

4

allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]"); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). Finally, many of plaintiff's claims are based on conclusory allegations, fail to provide a plausible factual basis for a constitutional claim, or fail to plausibly explain how the defendants (in particular Sam Olens, Nathan Deal, and any John and Jane Doe defendants) were personally involved in the alleged violations of plaintiff's constitutional rights. *See Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable . . . .") (quotations omitted). To the extent plaintiff alleges that Byrum (or others) somehow "interfered" with a related civil or criminal case in Pennsylvania, he has not stated a plausible basis for a claim.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's complaint will be dismissed as repetitive and for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). After considering plaintiff's complaint in this case and his filings in the Northern District of Georgia, the Court concludes that further amendment would be futile. An appropriate order follows.